IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DAWN L. BEST                                                      PLAINTIFF

V.                              CAUSE NO. 1:15-CV-00086-NBB-DAS

WILLIAM D. JOHNSON, PRESIDENT                           DEFENDANT
AND CHIEF EXECUTIVE OFFICER OF
TENNESSEE VALLEY AUTHORITY

MEMORANDUM OPINION

Presently before the court is the defendant's motion for summary judgment. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

The plaintiff, Dawn Best, brings this action against her employer, Tennessee Valley Authority ("TVA"), alleging violations under 28 U.S.C. § 1331 for claims arising under Title VII of the Civil Rights Act and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634. The plaintiff contends that were it not for her age, fifty-six years at the time of the employment decision, and that she is a female, TVA would have selected her as the next General Manager of TVA's Mississippi district.

Best began working at TVA as an engineer in 1989. Over the next two decades, she held various positions, always performing satisfactorily. As a result, TVA appointed Best to her first management, or "M" classified, position in 2000.

The facts giving rise to the instant suit began in early 2013, when the position for General Manager of Customer Relations for TVA's Mississippi district became vacant. Van Wardlaw,

TVA's then Executive Vice President of Customer Relations, was tasked with the responsibility of filling the position.

The initial applicant pool consisted of ten candidates, nine males and one female, the plaintiff. In the first step of TVA's selection process, a human resources representative reviewed the applications and removed from consideration those individuals who lacked the requisite minimum qualifications.

The second step required the creation of a "matrix", or "records review," whereby TVA gave the remaining candidates numerical scores based on objective criteria such as education, relevant experience, and certifications and/or special experience. The plaintiff earned the second-highest score and, as a result, remained in contention for the position.

Those with sufficient "records review" scores then participated in the initial round of interviews. The interview team then narrowed the applicant pool, recommending that only a few individuals proceed to the final stage of consideration. The plaintiff received a low interview score which tied her for only the fourth highest score. Consequently, the interview team did not recommend that she proceed any further.

Although the team did not recommend her, Wardlaw chose to invite the plaintiff to the final interview, as he had positive experiences with her in the past and wanted to give her another chance. This left three candidates vying for the position: Best, female, age fifty-six; Bill Duke, male, age fifty-five; and John Malone, male, age forty-nine.

During the final interview, TVA evaluated the following four criteria: 1) people leadership, 2) customer skills, 3) networking ability, and 4) executive presence. TVA ultimately offered the position to John Malone.

The plaintiff subsequently filed a charge with the Equal Employment Opportunity Commission and, after exhausting her administrative remedies, filed the instant suit. TVA now

2

moves for summary judgment and argues that Best has failed to demonstrate the existence of a genuine issue of material fact.

## Standard of Review

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Courts have placed the burden upon the moving party to show an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once a movant has made this showing, the burden then shifts to the non-movant. *Id.* at 324. The non-movant must then demonstrate an existence of specific facts showing a genuine issue proper for trial. *Id.* A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of act could find for the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

When deciding a motion for summary judgment, the court must view the underlying facts in the "light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). As such, all reasonable inferences must be drawn in favor of the non-movant. *Id.* The Supreme Court has made it clear that "at the summary judgment stage, the trial judge's function is not himself to weigh the evidence and determine the truth of the matter." *Anderson*, 477 U.S. at 249. Instead, the inquiry performed by the trial judge is merely a "threshold inquiry" of whether a trial is needed. *Id.* at 250. "Summary judgment, although a useful device, must be employed cautiously because it is a final adjudication on the merits." *Jackson v. Cain,* 864 F.2d 1235, 1241 (5th Cir. 1989). Further, the court has discretion to allow

3

the plaintiff's claims to proceed to trial. *Anderson*, 477 U.S. at 255. (stating "Neither do we suggest . . . that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to trial.") When a case presents a "close call," courts generally find this to favor the non-moving party. *See E.E.O.C. v. West Customer Management Group, LLC*, 899 F. Supp. 2d 1241, 1258 (N.D. Fl. 2012) (citing *Russsaw v. Barbour Cnty. Bd. of Educ.*, 891 F. Supp. 2d 1281, 1295 (M.D. Ala. 2012)).

<u>Analysis</u>

When a plaintiff seeks to establish her claims of discrimination through circumstantial evidence, as Best does here, this court employs the *McDonnell-Douglas* burden-shifting framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *see also Autry v. Fort Bend Independent School Dist.*, 704 F.3d 344, 346 (5th Cir. 2013) (applying the *McDonnell-Douglas* framework to plaintiff's Title VII race-discrimination claims); *Chapman v. AI Transport*, 229 F.3d 1012, 1024 (5th Cir. 2000) (utilizing the *McDonnell-Douglas* test in analyzing plaintiff's ADEA claim).

Under *McDonnell-Douglas*, the plaintiff must first establish a prima face case of discrimination. *E.E.O.C. v. Chevron Phillips Chem. Co., LP*, 570 F.3d 606, 615 (5th Cir. 2009). If the plaintiff succeeds in doing so, the burden shifts to the defendant to "articulate a legitimate, non-discriminatory reason" for the employment decision at issue. *Id.* The defendant's burden at this stage is merely one of production, not persuasion. *Autry*, 704 F.3d at 347. The burden then shifts back to the plaintiff to show that the articulated reason is either pretextual, or that, even if true, the protected characteristic was a motivating factor in the employer's decision. *Vaughn v. Woodforest Bank*, 665 F.3d 632, 636 (5th Cir. 2011).

For purposes of this motion, Defendant TVA concedes that Best has met her burden in establishing a prima facie case of discrimination. Consequently, the burden of production shifts

4

to TVA to proffer a legitimate, non-discriminatory reason for its decision to select Malone over the plaintiff for the General Manager position. *Chevron Phillips*, 570 F.3d at 615. To satisfy its burden, TVA contends Malone better exhibited its sought after traits of networking ability and executive presence.

With respect to networking ability, TVA opines that "Malone had broader TVA experience, both in terms of jobs performed and movement between TVA geographic locations." Additionally, TVA emphasizes Malone's experience working in TVA's corporate offices and transmission planning.

TVA further asserts that Malone better exhibited "executive presence" in the final interview in which Malone seemed "very stoic," "deep in thought," and "ponder[ed] and contemplate[d] his response." According to Wardlaw, Malone was very articulate, stayed on point, had good eye contact, good posture, and exuded a calm demeanor.

Best makes several arguments to show that TVA's articulated reasons are mere pretext. First, she contends that the person chosen for the position, Malone, lacked the requisite minimum qualifications for the position as provided in the Vacant Position Announcement ("VPA"). Best next challenges TVA's reliance on subjective criteria in the decision-making process. She also argues that she was "clearly better qualified" than Malone for the position. Best further asserts that TVA has given inconsistent reasons for its decision to select Malone over her for the position. And, with respect to her ADEA claim, Best alleges that her immediate supervisor, Gary Harris, made discriminatory remarks about her age. She also claims that Harris told her he only made those comments because someone, presumably higher up, directed him to do so.

The court finds genuine issues of material fact including, but not limited to, whether the VPA's language "experience in the management of complex customer issues" means that a candidate be in a position under TVA's "M & S" pay scale, whether TVA relied on subjective

5

criteria in the decision-making process as a means to avoid selecting Best because of her gender and/or age, and whether Wardlaw, or anyone else with authority over the employment decision at issue, directed Harris to make age discriminatory comments toward Best. Because of the existence of genuine issues of material fact, the court finds that TVA is not entitled to judgment as a matter of law.

## Conclusion

Based on the foregoing reasons, the court finds the defendant's motion for summary judgment is not well taken and should be denied. A separate order in accord with this opinion shall issue this day.

This, the 23rd day of August, 2016.

    /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**