IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DAWN L. BEST                                                                         PLAINTIFF

V.                                              CIVIL ACTION NO. 1:15-CV-00086-NBB

WILLIAM D. JOHNSON, PRESIDENT
AND CHIEF EXECUTIVE OFFICER OF
TENNESSEE VALLEY AUTHORITY                                      DEFENDANT

## ORDER

This cause comes before the court upon Defendant's motion to limit the trial on remand to a pure gender claim. Upon due consideration of the motion, response and applicable authority, the court finds as follows:

Plaintiff Dawn Best filed the instant suit and asserted claims against her employer, Defendant Tennessee Valley Authority ("TVA"), for gender discrimination under Title VII of the Civil Rights Act and age discrimination under the Age Discrimination in Employment Act ("ADEA"). In particular, Best argued that were it not for her age, fifty-six years at the time of the employment decision, or that she is a female, TVA would have selected her as the next General Manager of its Mississippi district.

At the close of the testimony at trial, the court found that Best had failed to prove her age discrimination claim by a preponderance of the credible evidence and issued a judgment in favor of the defendant dismissing that claim. The Title VII claim of gender discrimination was submitted to the jury and a verdict in TVA's favor was returned. Best subsequently appealed. The Fifth Circuit Court of Appeals affirmed the court's findings on the age discrimination claim but reversed and remanded for a new trial on the claim for gender discrimination.

In particular, the Fifth Circuit held that the *Allen* charge given to the jury after it first reported that one juror would not agree with the others caused undue pressure on that one juror; but a careful reading of the record shows that all the *Allen* charge did was to clarify to the hold-out juror that age discrimination was no longer an issue for the jury, but rather the sole issue for the jury was Best's gender discrimination claim.[1] Therefore, the second *Allen* charge was given merely to allow the jury to discuss the case further and clarify the issues left for the jury to decide; however, it is unfortunate that the plaintiff did not point out to the appellate court the real reason the hold-our juror was disagreeing, nor did the appellate court catch that in its review of the record.

TVA now moves to limit the trial on remand to a pure gender claim. In so moving, TVA requests that Best be precluded from presenting any age-based evidence or advancing a "gender-plus-age" theory to support her Title VII claim. When Best filed her complaint in this case, she asserted two separate causes of action—one for gender discrimination and one for age discrimination. After the court found that she was not entitled to a jury trial on her age claim, and less than two weeks before trial, Best argued for the first time that she had been discriminated against because she was an "older female," and attempted to advance a claim for gender-plus-age discrimination.

In 1964, Congress enacted Title VII which prohibits, among other things, gender discrimination in the workplace. *See* 42 U.S.C. § 2000e-2(a). Just a few years later, in 1967,

---

[1] *See* p. 263 of the transcript record where it was explained that the hold-out juror merely misunderstood the issue to be decided.
>    The Court: Well, do you think any further deliberations could result in a unanimous verdict as required by the law?
>    Mrs. Wortham: Deliberations? Right now, the person that said yes is saying now that she misunderstood what we were deliberating about. The part that you said was your part – excuse me – Judge. What you said was your part, the age part, she was considering that instead of just the gender.

2

Congress decided to protect employees from discrimination based upon one's age. Congress could have amended Title VII to include age as an additional protected class under the statute but, instead, it chose to enact the ADEA. *See* 29 U.S.C. §633a. Because Congress chose to protect the two characteristics in completely separate statutory schemes, allowing Best to pursue her "gender-plus-age" claim at trial would constitute improper judicial legislation. Courts have declined to recognize such "plus" claims on this basis alone. *See Bauers-Toy v. Clarence Central Sch. Dist.*, 2015 WL 13574291 (W.D.N.Y. Sep. 30, 2015) (finding that it would be creating an entirely new cause of action which does not currently exist if it were to recognize a Title VII claim based upon both one's age and gender); *Luce v. Dalton*, 166 F.R.D. 457 (S.D. Cal. 1996) (reasoning that plaintiff could not pursue an "age-plus" claim because Congress chose to protect age, disability and religion under separate statutes).

Moreover, Title VII and the ADEA contain significant differences as to procedures, rights and remedies, further illustrating the difficulties that would arise in recognizing a "gender-plus-age" claim.[2] The most important difference between the two statutes is their respective standards of causation. The ADEA imposes the strict "but for" standard while Title VII allows for the more lenient "mixed-motive" standard. *See Gross v. FBL Fin. Serv.*, 557 U.S. 167 (2009); *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337 (5th Cir. 2007). Consequently, "[a]llowing [P]laintiff here to present evidence of age discrimination under the auspices her Title VII gender discrimination claim . . . would be tantamount to allowing [P]laintiff to argue age discrimination in the context of a mixed-motive theory," and would "provide an end-run around

---

[2] Although the court discusses only one such difference, there are numerous others. For example, Title VII requires the exhaustion of administrative remedies, while the ADEA contains no analagous requirement. *See* 29 C.F.R. § 1607; 29 C.F.R. § 1614.201(a). Further, Title VII provides aggrieved individuals right to a jury trial, but the ADEA provides no such right. *See Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 423 (5th Cir. 1998); *Boehms v. Crowell*, 1995 WL 1945423, at *2 (N.D. Miss. June 29, 1995). Additionally, the ADEA allows plaintiffs to recover liquidated damages for willful violations, while Title VII does not. *See Tyler v. Union Oil Co. of Cal.*, 304 F.3d 379, 398 (5th Cir. 2002).

the heightened standards set forth by Congress under the ADEA." *Bauers-Toy*, 2015 WL 13574291, at *6.

Further, no appellate court has recognized the type of claim advanced by Best. *See Sherman v. Am. Cyanamid Co.*, 1999 WL 70191182, at *5 (6th Cir. Sep. 1, 1999) (declining to recognize plaintiff's claim for "sex-plus-age" discrimination after noting that "no [f]ederal [c]ourt of [a]ppeals [] nor the Supreme Court has recognized such a cause of action"). Additionally, this court has previously found that it "does not recognize an 'older female' as a distinct class for purposes of [Title VII]." *Brewer v. Alliance Healthcare Services*, 2013 WL 1896132, at *4 n.1 (N.D. Miss. May 6, 2013) (after noting that "the Fifth Circuit has reviewed cases involving both age and another characteristic, but has failed to extend coverage under the ADEA or Title VII to combined classifications, i.e. older women."). Moreover, in its opinion reversing and remanding the instant case, the Fifth Circuit acknowledged that it had "not yet" recognized "a claim for sex-plus-age discrimination as gender discrimination under Title VII." *Best v. Johnson*, 2018 WL 773149, at *4 (5th Cir. Feb. 7, 2018).

In opposing TVA's motion, Best relies heavily on *Jefferies v. Harris County Community Action Association*¸ 615 F.2d 1025 (5th Cir. 1980), and *Doucette v. Morrison County, Minnesota*, 763 F.3d 978 (8th Cir. 2014). Such reliance, however, is misplaced. In *Jefferies*, the court recognized that a "gender-plus-race" claim is cognizable under Title VII. 615 F.2d at 1032. In so holding, the court reasoned that Title VII prohibits employment discrimination on the basis of "race, color, religion, sex *or* national origin," thus evidencing Congressional intent "to prohibit employment discrimination based on any or all of the listed characteristics. *Id.* Crucial to the court's holding in *Jefferies* was the fact that both characteristics—sex and race— were protected under Title VII. *Id.* In *Doucette*, the court did hold that the plaintiff's claim for

4

sex-plus-age discrimination was cognizable. 763 F.3d at 978. However, the court was not presented with a Title VII claim in that case. *Id.* Rather, the plaintiff had filed a discrimination claim pursuant to a Minnesota statute which explicitly prohibited discrimination based upon both sex and age. *Id.*

Based on the foregoing discussion, the court finds that Defendant's motion to limit the trial on remand to a pure gender claim is well-taken and is, therefore, **GRANTED**. To not grant Defendant's motion would be contrary to the current caselaw, and also would be contrary to the ruling by this court that the plaintiff failed in her burden to prove age discrimination at the previous trial and contrary to the holding of the Fifth Circuit Court of Appeals affirming that decision. Accordingly, Best is precluded from presenting any age-based evidence or advancing her "gender-plus-age" theory of discrimination at trial.

**SO ORDERED AND ADJUDGED** this, the 30th day of August, 2018.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**